HEARD APRIL TERM, 1872.

## BLEASE & BAXTER *vs.* PRATT.

A promissory note, dated in 1863, after the emancipation proclamation took effect, the consideration of which was the price of a slave purchased by the drawer from the payee, at the date of the note, cannot be impeached for want of consideration on that ground alone.

BEFORE ORR, J., AT NEWBERRY, OCTOBER EXTRA TERM, 1869.

Writ of Error to the Circuit Court.

The case is stated in the following report of the presiding Judge:

"This was an action of assumpsit brought by plaintiffs for the use of Jacob Wheeler, against Simeon Pratt, on his note for two thousand and sixteen dollars, payable on the 1st October, 1861, with interest from 1st October, 1857, and dated 12th October, 1857. The note was transferred soon after it was made to Jacob Wheeler. On the 15th September, 1863, a credit was endorsed on the note by Wheeler, of two thousand two hundred and fifty dollars. The only question in the case was whether that credit should be allowed the defendant by the jury, in ascertaining the amount of their verdict. It appeared from the evidence that the credit consisted of a note transferred to Wheeler by Pratt, the defendant, for $2,250 on F. W. R. Nance and J. K. G. Nance, dated 15th September, 1863. The consideration of that note was a slave purchased by them from Pratt, on the day the note was executed. It was transferred to Wheeler by Pratt the same day, and the credit of $2,250 entered on Pratt's note to plaintiffs. Wheeler did not inquire or know what was the consideration of the Nance note.

"I instructed the jury that the sale of the slave and execution of the note after the first day of January, 1863—on which day the proclamation of President Lincoln, emancipating all the slaves in this State took effect—rendered the sale invalid and the note void for want of legal consideration, and the note being a void instrument when transferred to Wheeler on the 15th September, 1863, could not be allowed as a credit on defendant's note. The jury were instructed to disallow the credit of $2,250, which they did and found their verdict for the plaintiffs, according to the instructions of the Court.

"It is proper to add that the plaintiffs introduced the record of the case of *Simeon Pratt* vs. *Nance & Nance*, on the above note of $2,250, with verdict for defendants. The case was tried at the present term of the Court, and upon proof that the consideration of the note was

33

the purchase of a slave, the jury were instructed that the 34th Section of the 1st Article of the Constitution of this State prohibited the enforcement of such contracts in the Courts of this State, and the Jury found as already stated for the defendants.

The errors assigned are as follows:

1. That his Honor the presiding Judge erred in charging that a credit endorsed on the note sued on in this case for twenty-two hundred and fifty dollars, on the 15th September, 1869, should not be allowed to the defendant, because (as was proved) the credit was given for a note for that amount, dated fifteenth September, 1863, on other parties, and transferred by the defendant to Jacob Wheeler, then the holder of the note sued on, and now the real plaintiff, the consideration of which note so credited was the price of a slave sold at the date thereof.

2. That his Honor erred in allowing the introduction of testimony to show the consideration of said credit, except upon an allegation of fraud, which was in no way pretended to have been perpetrated.

*Baxter & Johnstone,* for plaintiffs in error.

*Fair, Pope & Pope,* contra.

Sep. 3, 1872.   The opinion of the Court was delivered by

MOSES, C. J.   This Court has decided, in *Calhoun* vs. *Calhoun,* (2 S. C., 283,) that it is no breach of the warranty of title contained in a bill of sale of slaves, that they were afterwards liberated by the government, and that to an action on a bond for the purchase money of the slaves, such liberation cannot be set up as a defense, on the ground of failure of consideration.   The principles on which the decision rested were fully considered and discussed in the opinion.   The conclusions of the Court are identical with those since pronounced by the Supreme Court of the United States in *White* vs. *Hart,* and *Osborn* vs. *Nicholson,* (13 Wallace, 646, 654.)

The error which is assigned here, in the charge of his Honor the Circuit Judge, consists in holding the consideration of the note credited on the cause of action on the 15th September, 1863, void, as being the purchase money of one who, conceded to have been a slave before the proclamation of President Lincoln, of Jan. 1st, 1863, (Appendix to Statutes, 3d Session of 37th Congress, 2,) it is claimed, was liberated by the force and effect of it.

The question there raised was made and decided in the case of

*Pickett et al.* vs. *Wilkins and Wife et al.*, (13 Rich. Eq., 366,) the whole Court of Errors concurring in holding that slaves in South Carolina were not emancipated by the said proclamation. So far from differing with the conclusions there attained, it conforms to our own judgment, as indicated in the case of *Brewster* vs. *Williams*, (2 S. C., 455.)

The motion is granted, and a new trial ordered, unless the plaintiffs, or the party for whom they sue, on or before the first day of the next Term of the Court of Common Pleas for Newberry County, enter a remittitur on the judgment for the sum of two thousand two hundred and fifty dollars, with interest from the 16th of September, 1863.

*Willard*, A. J., and *Wright*, A. J., concurred.